1

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7           FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   GLORISEL CANDELO, et al.,              CASE NO. CV F 08-1916 LJO DLB

10              Plaintiffs,        _____ORDER ON DEFENDANT CHASE'S F.R.Civ.P.
                                          12(b)(6) MOTION TO DISMISS
11      vs.                                (Doc. 5.)

12  NDEX WEST, LLC, et al,

13              Defendants.
    _____/

14

15                      **INTRODUCTION**

16          Defendant Chase Home Finance, LLC ("Chase") seeks to dismiss plaintiffs Glorisel Candelo and

17  Guillermo Candelo's (collectively "plaintiffs'") unfair debt collection and related real estate foreclosure

18  claims as non-cognizable and lacking sufficient facts for requested relief.  Based on plaintiffs' inability

19  to prevail on their claims as pled, this Court DISMISSES plaintiffs' claims with leave to amend and need

20  not entertain further briefing given the myriad of deficiencies of plaintiffs' operative complaint.  "A trial

21  court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made

22  without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d

23  986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  This Court VACATES

24  the February 18, 2009 hearing and ORDERS plaintiffs, no later than January 2, 2009, to file and serve:

25  (1) a first amended complaint to comply with federal pleading requirements and this Court's Local

26  Rules; or (2) a statement that they abandon their claims.[1]  This Court gives plaintiffs a short period of

27

28      [1]         Due to this order, this Court need not address Chase's alternative request for F.R.Civ.P. 12(e) relief.

                                        1

1  time to respond to this order because this Court suspects that the court system is being used solely for

2  delay.

3  **BACKGROUND**

4  **Plaintiffs' Underlying Loans**

5  Plaintiffs obtained a $288,000 mortgage loan ("first loan") secured by a deed of trust ("first

6  DOT") which encumbers their Ceres residence ("property").  The first DOT was recorded on November

7  6, 2004[2] and identifies Chase Manhattan Mortgage Corp. ("Chase Manhattan") as the lender and

8  beneficiary and Douglas E. Miles as trustee.  Chase is the successor by merger to Chase Manhattan.

9  Plaintiffs also obtained a $72,000 home equity line of credit ("second loan") which was secured

10  by a second deed of trust ("second DOT") encumbering the property and recorded on November 16,

11  2004.

12  Plaintiffs defaulted on the first loan, and a Notice of Default and Election to Sell Under Deed of

13  Trust ("default notice") was recorded on August 13, 2008.  The default notice indicates that as of August

14  13, 2008, the amount in arrears is $12,147.97.  The default notice directs plaintiffs to contact Chase to

15  arrange payment to stop foreclosure.

16  Defendant NDex West, L.L.C. ("NDex") was named the new trustee for the first DOT in a

17  Substitution of Trustee recorded on September 12, 2008.  A Notice of Trustee's Sale ("trustee's sale

18  notice") for the first DOT was recorded on November 21, 2008.

19  **Plaintiffs' Claims**

20  Plaintiffs' operative original complaint ("complaint") alleges that:

21  1.  Chase is not: (a) the holder of the note identified in the first DOT; (b) in possession of

22  the "note properly endorsed to it"; and (c) entitled by state law to initiate foreclosure;

23  2.  Chase "has no present right to initiate foreclosure" and lacks the right to direct NDex to

24  foreclose and sell the property;

25  3.  NDex has refused to suspend the property sale and to provide proof of Chase's right to

26  initiate foreclosure;

27

28  [2]  All documents regarding plaintiffs' loans and default were recorded in the Stanislaus County Recorder's Office.

2

4.    Defendants[3] have engaged "in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not, in fact, have the right to do so, knowing that the property owners affected do not have the knowledge and means to contest the right of said Defendants to do so";

5.    Defendants have used the United States mail to further a conspiracy to unlawfully collect on negotiable instruments and assuming that they have the right to foreclose under the note, "to profit from those actions in amounts greater than their rights under the note to do so";

6.    Defendants are not in possession of the note and "were proceeding to foreclose non-judicially without right under the law";

7.    Defendants "added costs and charges to the payoff amount of the note that were not justified"; and

8.    Defendants misrepresented facts to force plaintiffs to pay large sums of money to defendants to which they were not entitled or to abandon plaintiffs' property to foreclosure sale.

The complaint alleges:

1.     A (first) unfair debt collection practices cause of action that defendants "violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788(e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692, et seq, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617";

2.    A (second) predatory lending practices cause of action that Chase "is subject to defenses that would have been available against Chase Home Finance,"[4] the initial lender identified in the first DOT, and that Chase Home Finance engaged in predatory lending practices in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15

---

[3]    The complaint appears to reference Chase and NDex collectively as "Defendants."

[4]    As Chase notes, Chase Manhattan is the original lender and merged with Chase.

1   U.S.C. §§ 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12

2   C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41-58,

3   "the specifics of which are unknown"; and

4   3.   A (third) RICO violations cause of action that defendants participated "in a scheme of

5   racketeering as that term is defined in the Federal Racketeer Influenced and Corrupt

6   Organizations ("RICO"), 18 U.S.C. §§ 1961 et seq." and have committed RICO

7   violations, including attempts to collect unlawful debts, mail fraud, prohibited

8   interference with commerce, robbery, extortion and fraud in the sale of securities.

9   The complaint seeks to enjoin foreclosure and sale of the property, monetary, statutory and treble

10   damages, and attorney fees.

11   **DISCUSSION**

12   **Pleading And F.R.Civ.P. 12(b)(6) Motion Standards**

13   Chase faults the complaint's lack of specific facts to relate to plaintiffs or their loan and to

14   identify specific portions of the various statutes which plaintiffs claim were violated and conduct

15   resulting in claimed violations.

16   F.R.Civ.P. 8 requires a complaint to contain "a short plain statement of the claim showing that

17   the pleader is entitled to relief."  To comply with F.R.Civ.P. 8, a plaintiff "must plead a short and plain

18   statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the

19   claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th

20   Cir. 2000).

21   A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

22   forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

23   of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

24   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

25   the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

26   *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

27   there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

28   cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

*v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).  A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2.  A court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).  A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action."  *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd*., 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  As such, this

1   Court may consider plaintiffs' pertinent loan documents.

2   **Unfair Debt Collection Practices Claim – Non-Judicial Foreclosure Under California Law**

3   Chase characterizes the complaint's unfair debt collection practices claim as "conclusory at best"

4   in the absence of Chase's identifiable wrongs.  Chase notes that non-judicial foreclosure of the property

5   is proper under California law.

6   "Financing or refinancing of real property is generally accomplished in California through a deed

7   of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an

8   interest in the property to the lender (beneficiary) as security for repayment of the loan."  *Bartold v.*

9   *Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000).  A deed of trust "entitles

10   the lender to reach some asset of the debtor if the note is not paid."  *Alliance Mortgage Co. v. Rothwell,*

11   10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

12   Chase notes that Chase Manhattan is identified as the lender with all beneficial interest in the first

13   DOT and was the holder of the first DOT and entitled to enforce it.  Chase points out that the first DOT

14   provides that a substitute trustee may be appointed and that NDex was substituted as the trustee under

15   the first DOT and entitled to enforce it.  Chase further notes that the first DOT provides that the

16   promissory note and interest in the first loan may be sold without prior notice to the borrower.

17   Chase correctly explains that if a borrower defaults on a loan and the deed of trust contains a

18   power of sale clause, the lender may non-judicially foreclose.  *See McDonald v. Smoke Creek Live Stock*

19   *Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-

20   judicial foreclosure under California Civil Code sections 2924-2924i:

21   The comprehensive statutory framework established to govern nonjudicial
     foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating

22   to notice and right to cure. It would be inconsistent with the comprehensive and
     exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another

23   unrelated cure provision into statutory nonjudicial foreclosure proceedings.

24   *Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

25   Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of

26   their authorized agents" may conduct the foreclosure process.  Under California Civil Code section

27   2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent

28   for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed

1   substitution of trustee, or an agent of that substituted trustee."   "Upon default by the trustor, the
2   beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."   *Moeller*, 25
3   Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

4   As such, NDex, as trustee under the first DOT, was authorized to initiate foreclosure given the
5   June 7, 2008 default notice indicating plaintiffs' arrears on the first loan and the first DOT's power of
6   sale provision.  No requirement exists under the statutory framework to produce the original note to
7   initiate non-judicial foreclosure.  The complaint lacks alleged violation of applicable law or plaintiffs'
8   loan agreements to support a claim for unfair debt collection practices.

9   Moreover, the complaint fails to satisfy F.R.Civ.P. 8 to plead specific elements of a statutory
10  claim or violation to entitle plaintiffs to requested relief.  The complaint fails to demonstrate with facts
11  that Chase is prohibited to proceed with non-judicial foreclosure or violated statutes or other
12  requirements to prevent non-judicial foreclosure.  The complaint alleges unsubstantiated, sweeping legal
13  conclusions.

14  The complaint lacks of allegations of harassment or abuse to violate 15 U.S.C. § 1692d, false or
15  misleading representations to violate 15 U.S.C. §1692e, or unfair practices to violate 15 U.S.C. § 1692f.
16  An absence of allegations to violate federal Fair Debt Collections Act results in failure of plaintiffs'
17  claim of violation of the California Fair Debt Collection Practices Act, Cal. Civil Code, § 1788, et seq.

18  The unfair debt collection practices claim's reference to the Real Estate Settlement Procedures
19  Act ("RESPA") is unsupported in the absence of allegations of "improper kickbacks" and a private right
20  of action under RESPA disclosure requirements.  *See Bloom v. Martin*, 865 F.Supp. 1377, 1384-1385
21  (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (1996).  Moreover, a RESPA claim is susceptible to the one-year
22  limitations period of 12 U.S.C. § 2614(a) in that plaintiffs filed their complaint nearly four years after
23  the November 2004 loan transactions.

24  Plaintiffs' unfair debt collection practices claim is not viable and fails as an unsubstantiated
25  attempt to delay non-judicial foreclosure.

26  **Predatory Lending Practices Claim**

27  Chase attacks the complaint's predatory lending practices claim for merely referring to statutes
28  without "a single allegation" of a predatory practice.  Chase is correct that the predatory lending practices

7

claims is pled inadequately given that "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of America v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (1998).  Moreover, the record reveals that the first DOT's power of sale clause was properly invoked to vitiate a predatory lending practices claim.  This Court surmises that the complaint was filed to attempt to delay non-judicial foreclosure, especially given the complaint's acknowledgment of "unknown" specifics of predatory lending practices.

### RICO Claim

Chase faults plaintiffs' Racketeer Influenced and Corrupt Organization Act ("RICO") claim for lacking facts of an "enterprise," "racketeering activity," or a "pattern of racketeering activity."

Subsection (c) of 18 U.S.C. § 1962 ("section 1962") provides:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

A violation of § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275 (1985).  A "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."  *Sedima*, 473 U.S. at 496, 105 S.Ct. 3275.

For a RICO claim, an alleged "enterprise" requires an independent legal entity such as a corporation or an "association in fact" of individuals. 18 U.S.C. § 1961(4).  The United States Supreme Court has explained:

> The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. 18 U.S.C. § 1961(1) (1976 ed., Supp. III). The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The "enterprise" is not the "pattern of racketeering activity"; it is an entity separate and apart from the pattern of activity in which it engages.

*United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524 (1981).

8

"Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code. *Rothman v. Vetter Park Management*, 912 F.2d 315, 316 (9th Cir. 1990); *see* 18 U.S.C. § 1961. "Racketeering activity" also includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A).

Subsection (5) of 18 U.S.C. § 1961("section 1961") defines "pattern of racketeering activity" to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." Section 1961"does not so much define a pattern of racketeering activity as state a minimum necessary condition for the existence of such a pattern." *H.J., Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 237, 109 S.Ct. 2893 (1989). Section 1961(5) "says of the phrase 'pattern of racketeering activity' only that it 'requires at least two acts of racketeering activity, one of which occurred after [October 15, 1970,] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.' It thus places an outer limit on the concept of a pattern of racketeering activity that is broad indeed." *H.J, Inc.*, 492 U.S. at 237, 109 S.Ct. 2893.

"Section 1961(5) concerns only the minimum *number* of predicates necessary to establish a pattern; and it assumes that there is something to a RICO pattern *beyond* simply the number of predicate acts involved." *H.J., Inc.*, 492 U.S. at 238, 109 S.Ct. at 2900 (italics in original). A pattern in not formed by "sporadic activity." *H.J., Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900. The term pattern requires a relationship between predicates and the threat of continuing activity. *H.J., Inc.*, 492 U.S. at 238, 109 S.Ct. at 2900. The factor of continuity plus relationship combines to produce a pattern. *H.J., Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900. "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J, Inc.*, 492 U.S. at 239, 109 S.Ct. at 2900.

Chase notes the absence of allegations of a "wrongful enterprise attributable to Chase." Chase

9

1  argues that the complaint fails to establish RICO elements in the absence of allegations of an activity

2  to constitute a "pattern" or "racketeering activity."

3      Chase is correct.  The complaint lacks sufficient allegations that Chase engaged in an enterprise

4  or two or more criminal acts to support a pattern of racketeering activity under sections 1961(5) and

5  1962.  The complaint fails to allege that plaintiffs' loan constitutes an unlawful debt, that is, an illegal

6  gambling debt or debt with an interest rate "at least twice the enforceable rate."  *Reidy v. Meritor Sav.,*

7  *F.S.B.,* 705 F.Supp. 39, 40 (D. D.C. 1989).

8      The complaint further fails to satisfy the damages requirement for a RICO claim.  The "plain

9  language" of pertinent RICO provisions "leads us to conclude that a plaintiff seeking civil damages for

10  a violation of section 1962(a) must allege facts tending to show that he or she was injured by the use or

11  investment of racketeering income."  *Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co.,* 981 F.2d

12  429, 437 (9th Cir. 1992), *cert. denied*, 508 U.S. 908, 113 S.Ct. 2336 (1993).

13      The complaint's RICO claim is vitiated in the absence of sufficient facts of an enterprise,

14  racketeering activity, pattern of racketeering activity, unlawful debt and recoverable damages.  The

15  complaint alleges no injury to plaintiffs' business or property by a racketeering activity or sufficiently

16  alleged violation identified under RICO.  The complaint is devoid of facts to satisfy sections 1961 and

17  1962.

18  **<u>CONCLUSION AND ORDER</u>**

19      For the reasons discussed above, this Court:

20      1.    DISMISSES without prejudice this action;

21      2.    ORDERS plaintiffs, no later than January 2, 2009, to file and serve: (a) a first amended

22      complaint to comply with federal pleading requirements and this Court's Local Rules;

23      or (b) a statement that plaintiffs abandon their claims.  If the first amended complaint is

24      either filed untimely or lacks a cognizable claim and/or sufficient facts for requested

25      relief, this Court will dismiss this action without prejudice.  Due to this Court's concerns

26      about delay tactics, this action is on a fast track for resolution; and

27  / / /

28  / / /

10

3.      **ADMONISHES plaintiffs that failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

**Dated:    December 23, 2008                          /s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE